*Supp. 4 Opinion
ALARCON, J.
The People have appealed from the order of the trial court dismissing this action after sustaining the defendant’s demurrer to the complaint.

Pertinent Facts

The defendant was charged with a violation of Santa Monica Municipal Code section 4231 which provides as follows: “No person, except a public officer or employee in the performance and furtherance of a public duty, shall paste, paint, print, nail, tack, or otherwise fasten any card, banner, handbill, sign, poster, advertisement, or notice of any kind, on any curbstone, lamp post, pole, hitching post, watering trough, hydrant, bridge, or tree, upon a public street, or public property, within the City, except as may be required by this Code, or the laws of the State, or of the United States.”
The complaint alleged that the defendant was “obs posting on public property” in the “1900 blk San Vicente Bl” in violation of “4231 SMMC.”[1]
The defendant is an attorney who was a candidate for judge of the superior court in the June 8, 1976, primary election. The memorandum of points and authorities, filed in connection with the demurrer contained unverified allegations that the defendant stapled campaign signs to “telephone poles and wooden sign posts located upon the public streets and sidewalks.” In addition, campaign signs were apparently stapled onto wooden stakes which were hammered into the grass in the thirty-foot wide “public park median area” which divides San Vicente Boulevard.
Defendant’s points and authorities in support of his demurrer attacked the constitutionality of section 4231 on the basis that it “establishes a standardless licensing scheme for protected expression,” in violation of the rule enunciated in Dulaney v. Municipal Court (1974) 11 Cal.3d 11 [112 Cal.Rptr. 777, 520 P.2d 1], and is an invalid prior restraint on the exercise of free speech. In addition the written memorandum stressed that section 4231 is expressly excluded from the Santa Monica ordi *Supp. 5 nances which permit the temporary placing of banners and posters over the streets.[2]
No responsive papers were filed in the court below.
No evidence was offered at the hearing on the demurrer by either side.
At oral argument before the trial court, the People argued that:
*Supp. 6 1. Section 4231 prohibits all posting of signs.
2. By prohibiting all posting of signs, the city has not “opened the forum” to the exercise of First Amendment rights.
3. A municipality may “inhibit” First Amendment rights “when it can be shown that there are compelling safety, health and welfare reasons.”
4. The posting of signs may cause traffic accidents by obstructing the view of traffic signals or other vehicles.
5. The posting of signs in the median is veiy dangerous to those persons who use it.
6. No permits are available 'for the posting of signs. Therefore, the presence or absence of standards for the issuance of a permit is not a relevant issue in judging the constitutionality of section 4231.
7. Sections 4232 et sequiter do not deal with the posting of signs; therefore, such sections are not part of a general common scheme.
8. Under section 4232 et sequiter, the city has opened the forum for stringing or suspending banners, but not for the posting of signs.
The trial court sustained the demurrer on the basis that “code section 4231 SMMC and 4232 SMMC are so intertwined that it is a general scheme and that scheme as set forth therein is unconstitutional because it lacks precision of regulation and the permit standards are not susceptible of objective measurement.”

Contentions on Appeal

The People have made the following contentions before this court:
1. The City of Santa Monica may regulate the posting of signs on public property in order to promote the health, safety and welfare of its citizens.
2. The City of Santa Monica has not opened the forum to the posting of signs.
*Supp. 7 3. The ordinances which permit the temporary placement of banners specifically exclude the permanent posting of signs.
4. The posting of signs created health and safety hazards for motorists and pedestrians.
Respondent’s arguments in reply are as follows:
1. A municipality may not ban all posting.
2. Section 4231 is invalid because it does not contain proper standards by which permits may be granted for political expression.
3. A municipality may not open the forum as to one “mode” of expression and bar it as to others.

Discussion

The following principles of law have evolved concerning attempts by municipal governments to ban posting of notices or signs:
1. “... a municipality may constitutionally impose reasonable time, place, and manner regulations on the use of its streets and sidewalks for First Amendment purposes, [citations omitted] and may even forbid altogether such use of some of its facilities, [citations omitted] what a municipality may not do under the First and Fourteenth Amendments is to discriminate in the regulation of expression on the basis of the content of that expression.” (Hudgens v. N.L.RB. (1976) 424 U.S. 507, 520 [47 L.Ed.2d 196, 207, 96 S.Ct. 1029, 1037].)
2. Absolute prohibition of posting impinges on First Amendment rights. A municipality which bans all posting must show that a valid municipal interest such as the protection of health, safety, or order justifies such infringement which cannot be protected by different or more narrow means (In re Hoffman (1967) 67 Cal.2d 845, 849 [64 Cal.Rptr. 97, 434 P.2d 353]).
3. When a municipality permits some posting it has “opened the forum” to First Amendment expression in that it has, by implication, concluded that this form of communication will not interfere with a valid municipal interest (see Wirta v. Alameda-Contra Costa Transit Dist. (1967) 68 Cal.2d 51, 54 [64 Cal.Rptr. 430, 434 P.2d 982]; see also Dulaney *Supp. 8 v. Municipal Court (1974) 11 Cal.3d 77, 82 [112 CaI.Rptr. 777, 520 P.2d 1]).
If we apply these concepts to section 4231, which prohibits all posting, we would be compelled to hold the ordinance unconstitutional, in the absence of a showing that there is a legitimate public interest which was protected by its enactment. However, since this matter has reached this court after the trial court sustained a demurrer to the complaint on First Amendment grounds, there has been no factual hearing at which the People have had the opportunity to present evidence, if such exists, that section 4231 serves a legitimate governmental purpose. We believe the demurrer procedure is ill-suited for the resolution of the issue presented by the respondent’s challenge to the ordinance.[3] A more appropriate procedural remedy would be a hearing on a motion to dismiss on First Amendment grounds. (See Murgia v. Municipal Court (1975) 15 Cal.3d 286, see fn. 4 at pp. 293-294 [124 Cal.Rptr. 204, 540 P.2d 44].)
The trial court’s order is premised on its conclusion that “section 4231 SMMC and 4232 SMMC are so intertwined that it is a general scheme.”
While not set forth in the order, we assume the trial court was referring to a general scheme to regulate First Amendment expression. The ordinances themselves, however, expressly exclude section 4231 from the language applicable to those pertinent sections which follow. This exclusion was pointed out to the trial court in the defendant’s written points and authorities. A fair construction of the language of section 4231 would lead to the conclusion that it was intended to ban all *Supp. 9 permanent posting, while section 4232 applies to banners or posters which are temporarily suspended or strung over or on public property.
We are required to give legislation a construction which promotes its objects consistent with “sound sense and good policy” (see San Joaquin etc. Irr. Co. v. Stevinson (1912) 164 Cal. 221, 229 [128 P. 924]) and avoid a tortured reading which would render it unconstitutional (Bodinson Mfg. Co. v. California E. Com. (1941) 17 Cal.2d 321, 326-327 [109 P.2d 935]). We hold, therefore, that the fact that the City of Santa Monica has distinguished between permanent posting and temporary suspension of banners does not of itself violate the First Amendment because two discrete modes of expression are involved. However, the fact that one method of expression by printed words on public streets is banned altogether, without reference to content, while another is permitted under limited and temporary circumstances, provides some evidence that there may be no valid health or safety reason to justify the total prohibition of the disfavored means.
The order dismissing this action is reversed with directions: (1) to set aside the order sustaining the demurrer, and (2) to institute proceedings to determine whether the People can meet their burden of justifying the total prohibition of posting under section 4231. Respondent’s request for attorney fees and costs is denied.
Cole, P. J., and Wenke, J., concurred.

No issue has been raised concerning the cryptic and abbreviated charging language used in the complaint.

The pertinent ordinances dealing with licensing street banners and posters provide as follows:
“Section 4232. Street Banner Prohibited. No person, except a public officer or employee in the performance of a public duty, shall hang, suspend, string any card, banner, hand-bill, sign, poster, picture, notice, or political streamer of any kind, over, on, or in any public street, or in, over, or on any public property within the City, except as may be required by this Code, or the laws of the State, or of the United States.”
“Section 4232A. Same—Exceptions. Notwithstanding anything contained in Section 4232 hereof, banners, pennants and lights may be suspended across that portion of The Promenade lying between the southeasterly line of the now existing municipal pier structure and the southeasterly property line of Seaside Terrace and banners or posters of a noncommercial nature calling attention to, announcing, advertising, commemorating, or welcoming a community activity, civic affair or conventions being held within the city may be placed on or over a public street or other public property when such banners or posters are authorized by the City Council.”
“Section 4232A1. Same—Application. Before any banners, pennants or lights are suspended over said portion of The Promenade, an application containing detailed plans of installation, purpose of installation, and by whom said banners, pennants or lights will be installed, shall be filed with the Director of Public Works.
“Before any banners or posters are placed on or over any public street or other public property an application containing detailed plans of installation, purpose of installation and by whom said banners or posters will be installed, shall be filed with the City Council.”
“Section 4232A2. Same Permit. The Director of Public Works or the City Council as the case may be if satisfied that the installation as shown on said application, will not endanger the public health, safety or welfare, shall issue or cause to be issued a permit authorizing the installation in accordance with said application, provided, however, that the City Council, in its discretion, may refuse to authorize the placing of such banners or posters if in the opinion of said Council to do so would not be in the best interests of the City. Any permit issued or caused to be issued by the City Council shall specify the period during which such banners or posters may be installed.”
“Section 4232A5. No authorization or permit shall be given by the City Council for the placing of any banner or poster on or over any public street or other public property other than The Promenade as defined herein unless an insurance policy adequately protecting the City, and naming as assureds the City, members of its City Council, board or commissions, officers, agents, servants and employees while acting as such, shall have been filed with the City Clerk.
“The City Council, prior to the authorization or issuance of any permit, may require such security as it deems necessary to assure the compliance of the permittee with the provisions of this Code and such permit.”
“Section 4233. All Inclusive. It is the intention that Sections 4232, 4232A, 4232A1, 4232A2, 4232A3, 4232A4, and 4232A5 shall apply to any card, banner, handbill, sign, poster, advertisement, notice or streamer whether of commercial, political, ecclesiastical, civic or other nature.”

It should be noted that none of the California cases cited above dealing with restrictions on expression reached the appellate court based solely on a review following the trial court’s disposition of a demurrer.
In Wirta v. Alameda-Contra Costa Transit Dist. (1967) 68 Cal.2d 51 [64 Cal.Rptr. 430, 434 P.2d 982], the Supreme Court had before it the findings of the trial judge following a hearing wherein the court granted a preliminary injunction.
In re Hoffman (1967) 67 Cal.2d 845 [64 Cal.Rptr. 97, 434 P.2d 353], was before the Supreme Court on a writ of habeas corpus following a criminal prosecution in the trial court for an alleged violation of the challenged ordinance.
Dulaney v. Municipal Court (1974) 11 Cal.3d 77 [112 Cal.Rptr. 777, 520 P.2d 1], involved a writ of prohibition following the overruling of petitioner’s demurrer. However, the Supreme Court determined that a factual hearing was unnecessary, as requested by the People, for two reasons: First, the ordinance on its face opened the forum for the issuance of permits. Second, the People admitted that the forum was opened by failing to deny the allegations of the petition for a writ of prohibition which alleged that permits had been issued under the ordinance.